[No. 19516.    Department Two.—June 24, 1895.]

FREDERICK EATON, RESPONDENT, v. DORIA JONES, APPELLANT.

QUIETING TITLE—ERRONEOUS DESCRIPTION IN JUDGMENT—INCLUSION OF STREET—NEW TRIAL—CONDITIONAL ORDER—DISCRETION.—In an action to quiet title, where it appeared that a street was laid out entirely upon plaintiff's lot, and no part of it upon defendant's lot, and a narrow strip of land between the northerly boundary of the street and defendant's fence was really the subject matter of the dispute; and the defendant had stipulated that no claim was made to any part of the plaintiff's lot, a finding that the plaintiff was not the owner of the land between the center line of the street and defendant's lot is unsustained, and it is within the discretion of the court to grant a new trial, unless the defendant would consent to have the judgment modified so as not to include any part of the street in defendant's lot.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.

The facts are stated in the opinion.

*Chapman & Hendrick*, for Appellant.

*C. McFarland*, for Respondent.

SEARLS, C.—This is an action to quiet the title of plaintiff to a parcel of land lying and being in the city of Los Angeles, bounded and described as follows:

" Commencing at a granite stone monument set at the intersection of the produced center line of Rouland street and the western boundary of the city of Los Angeles, said center line being the present northern boundary of said Rouland street in the Wiesendanger city tract, and running thence along said west city boundary N. 0° 26' W. 37.72 feet to a stake in the southwest corner of the John Jones property; thence along a board fence S. 61° 55' 913.88 feet; thence S. 27° 47' W. 43.5 feet; thence N 61° 15' 30" W. 896 feet to the place of beginning."

Defendant answered, denying the title and possession of the plaintiff to the land or to any portion thereof, and set up title to the land in herself.

The cause was tried by the court without a jury, and written findings filed to the effect that plaintiff is not the owner of the land, and that defendant claims an interest therein adverse to the plaintiff, which claim is not without right.

Judgment was entered thereon accordingly. Plaintiff moved upon a statement for a new trial. Upon the argument and submission of the motion for a new trial the court made an order as follows: " The motion for a new trial is argued and submitted, and the court now orders that the motion for a new trial be granted, unless within ten days after plaintiff furnishes defendant with a description of the property, so as to include only the property to the fence as it now stands on the south boundary of defendant's property, the defendant's counsel to have the judgment given herein so modified as to make the line of said fence the south boundary of defendants.

And in case such consent be given, then the motion for new trial be denied." This order was made April 16, 1894.

The record shows that within ten days counsel for defendant were furnished with the description called for by the order for the purpose of a modification of the judgment, and that counsel for said defendant refused in writing to consent thereto, or to concur in the proposed modification of the judgment, which description and refusal were filed with the clerk of the court.

Thereafter, and on the first day of May, 1894, without further notice to the defendant or her attorneys, and in their absence, the court entered an order reciting that at the hearing of the motion for a new trial it appeared that the judgment for defendant "included property which the court had not intended to be included therein," that the court had thereupon ordered, etc. (reciting the provisions of the former order); that the plaintiff had served the description of the property as called for, and that "the defendant not only having failed within said time (ten days) to consent to such modification of the judgment, but having also refused in writing to consent thereto," wherefore it was adjudged that the judgment be vacated and set aside, and that a new trial be granted.

The statement of a few leading facts from the record will tend to an understanding of the question involved in the motion for a new trial as well as the reasons for granting such motion.

In 1853 a tract of land upon the westerly border of the city of Los Angeles was surveyed in thirty-five acre lots, which is known as the "Hancock survey." Defendant is the owner of lot 4 in such survey.

Plaintiff is the owner of the northerly part of lot 5 in such survey, which lies south of and adjoins lot 4 of the defendant.

A street sixty feet in width has been laid out, running in an easterly and westerly direction through the tract, and between the lots of plaintiff and defendant.

This street is laid out entirely upon the southern tier

of lots, of which plaintiff's lot (number 5) is one, and no part of it is upon the northern tier of which defendant's lot (number 4) is one.

The street is known as Rouland street, and the easterly portion of it has been opened to the public, but it has not been opened as far west as the lots of plaintiff and defendant, although the center line of such street has been produced, surveyed, and marked by monuments upon the ground.

Defendant or her grantors, say fifteen to twenty years before the commencement of this action, had fenced lot 4, or a portion thereof, and on the south side, and adjoining lot 5, the fence did not coincide with what would be the northerly side of the survey of Rouland street, being say thirteen and one-half feet northerly therefrom at the easterly end, and three and one-fourth feet at the westerly end, viz., at the westerly boundary of the city. Treating this fence as the southerly boundary of lot number 4, owned by defendant, and as the northerly boundary of lot number 5, owned in part by plaintiff, the description in some of the conveyances under which plaintiff deraigned his title to land in lot number 5 had described the fence as the northerly line of lot number 5.

This narrow strip of land between the northerly boundary of Rouland street, as projected, and defendant's fence was really the subject matter of the dispute.

Defendant had moved her fence from its original position to the northerly line of the projected Rouland street, and plaintiff brought this action.

In his complaint he commenced his description at the monument on the center line of Rouland street and ran around the northerly half of that projected street as well as the land up to the old fence, thus including a portion of the street in the land the title to which he sought to quiet.

Defendant denied the title of plaintiff to any portion of the land described in his complaint, and averred title in herself.

At the trial counsel for defendant did not claim that

she owned any land in lot 5, but stated as follows: "We will stipulate we do not claim any thing in lot 5, block B, Hancock's survey."

The evidence showed, without contradiction, that all of the projected Rouland street was on lot 5, and hence was not in dispute; yet the court in its findings found that plaintiff was not the owner of the land described in his complaint, and gave judgment accordingly.

As to so much of that land thus described in the complaint as includes the projected Rouland street, which is a part of lot 5, the finding is not supported by any evidence, and is in direct conflict with the evidence and admission of defendant as shown by the record.

That this was a mistake is quite apparent, and when on the motion for a new trial, the court discovered the error it very properly called upon defendant to consent to its correction with the alternative of granting a new trial upon a refusal.

This action was, as we think, clearly within the discretion of the court, and had the motion for a new trial been, under such circumstances, denied, it would have been good cause for reversal.

There was no necessity for further notice or a further hearing upon the filing of the refusal of defendant to modify the judgment so as to make it conform to the fence on the south boundary of defendant's lot.

The result of such refusal was clearly indicated in the first order appealed from, and the second order was the natural sequence of such refusal.

The orders appealed from and each of them should be affirmed.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the orders appealed from and each of them are affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.